# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSHUA CLAY**,

    Plaintiff,

v.                                                  Case No. 18-CV-1946

**KITTY ANDERSON**
**DEBORAH RYCHLOWSKI,**
**STEFFANIE NALLY,**
**KAREN KUSSMAN,**
**MELISSA SCHULER,**
**ANGELA HENSLIN,**
**WENDY BORNER,**
**KAREN STROBEL,**
**MEGAN BUNKE,**
**HEATH TOMLIN, and**
**ANNE PARENTEAU,**

    Defendants.

---

## DECISION AND ORDER

---

Joshua Clay, a Wisconsin state prisoner, filed an amended complaint alleging that the defendants violated his civil rights. Not all parties have had the opportunity to consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen Clay's amended complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

The Prison Litigation Reform Act (PLRA) applies to this case because Clay was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Clay alleges that defendants Angela Henslin, Wendy Borner, Megan Bunke, and Heath Tomlin erroneously calculated his prison sentence when they failed to note that two of his sentences should run concurrently rather than consecutively. As a result, Clay alleges that he served 376 days beyond his correct release date.

About four months after his release, Clay's supervising agent initiated proceedings to revoke his supervision. Shortly thereafter, defendant Anne Parenteau calculated the time Clay had available for reincarceration. Clay alleges that, despite having access to his complete legal file, Parenteau failed to alert his supervising agent to the 376 days he had served beyond his release date.

On October 16, 2018, Clay's extended supervision was revoked and he was ordered to serve one year of reincarceration. Clay alleges that a Department of Correction policy requires that the 376 days that he served beyond his release date

2

be credited to his supervision rather than to the incarceration portion of his sentence. Clay alleges that this policy, which was implemented and is enforced by defendants Kitty Anderson, Deborah Rychlowski, Steffanie Nally, Karen Kussman, and Melissa Schuler, violates the U.S. Constitution, the Wisconsin Constitution, and Wisconsin Supreme Court precedent.

In short, Clay alleges that he is now serving one year in prison that he should not be required to serve. Clay seeks monetary damages.

"Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016). To state a deliberate-indifference claim, a plaintiff must allege more than negligence; he must allege that the defendant ignored a known risk. *Id.* (citations omitted). "A state officer is deliberately indifferent when he does nothing, or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred." *Id.* (internal citations omitted). Clay may proceed against Anderson, Rychlowski, Nally, Kussman, and Schuler based on his allegations that they created and/or implemented a policy that requires Clay to serve time beyond his release date and therefore violates the U.S. Constitution, the Wisconsin Constitution, and Wisconsin Supreme Court precedent. *See Id.; Hammer v. Ashcroft*, 512 F.3d 961, 970 (7th Cir. 2008).

Clay may also proceed against Henslin, Borner, Bunke, and Tomlin on state law negligence claims in connection with the erroneous calculations of his prison sentence.

The court will not, however, allow Clay to proceed on claims against his social worker, defendant Karen Strobel. Clay alleges that, despite knowing that he believed his sentence had been miscalculated, she failed to instruct him to contact the Records Office and request a review of his sentence calculation. "There is no general duty of rescue" in the Constitution. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Not every person "who knows (or should know) about a wrong must do something to fix it." *Id.* This is because refusing to go beyond the requirements of one's job to try and help someone does not cause or contribute to the alleged underlying violation. *Id.*

The court also will not allow Clay to proceed on a deliberate-indifference claim against Parenteau based on his allegations that, despite having knowledge of previous errors in calculating his sentence, she did not inform his supervising agent of that information when she calculated the time Clay had available for reincarceration. According to Clay, the extra time he served was added to his supervision sentence per DOC policy, not per any error in calculation by Parenteau. In other words, even if Parenteau *had* communicated that information to Clay's supervising agent, it would not have affected the calculation of the time available for reincarceration.

**IT IS THEREFORE ORDERED** that Karen Strobel and Anne Parenteau are **DISMISSED**.

Dated in Milwaukee, Wisconsin, this 23rd day of January, 2019.

                                        BY THE COURT:

                                      s/Nancy Joseph
                                      NANCY JOSEPH
                                      United States Magistrate Judge